## Hambright's License.

*Liquor law—Appeals—Certiorari—Record—Selling to persons of known intemperate habits.*

1. On an appeal from an order of the Quarter Sessions refusing a liquor license, the appellate court can consider only the record. The conclusion of the court below as to facts cannot be reviewed.

2. Where an order refusing a liquor license states that the grounds for refusal are set forth in an opinion filed with the order and made part thereof, and the opinion shows that the ground of the refusal was based on a finding after a hearing that the applicant had sold liquor to persons of known intemperate habits, the order of the lower court will be affirmed.

Argued Nov. 16, 1909. Appeal, No. 76, Oct. T., 1909, by plaintiff, from order of Q. S. Chester Co., refusing a liquor license in case of George F. Hambright v. Charles Grimshaw et al. Before RICE, P. J., HENDERSON, MORRISON, HEAD, BEAVER and PORTER, JJ. Affirmed.

Petition for a liquor license.

The facts appear by the opinion of the Superior Court.

*Error assigned* was order refusing license.

*A. M. Holding,* with him *John E. Malone,* for appellant.

*George B. Johnson,* for appellees.

OPINION BY PORTER, J., March 3, 1910:

That an appeal in proceedings of this kind is to be considered as a certiorari, which brings up only the record, and

that where there has been a hearing and testimony, the conclusion of the court below as to the facts cannot be reviewed, has been so frequently declared that it does not seem necessary to cite authorities in support of the proposition. The appellate courts, in cases of this character, are only authorized to examine and review the proceedings of the court of quarter sessions, so far as to inquire and determine the extent and limits of its power and the regularity of its exercise. The opinion filed by the court below is not in strictness a part of the record and is only to be considered for the purpose of ascertaining the grounds upon which the court bases its action. The record in the present case shows that there had been a hearing at which those who remonstrated against the granting of the license produced evidence and the appellant offered testimony in support of his application. The court, after the hearing, entered the following decree: "The above stated application is refused on the ground and for the reasons set forth in our opinion this day filed, which opinion is made a part of this decree." Had the court merely entered a decree refusing the license, without stating the reason for its action, we would have been bound to assume that the decree was founded in a valid reason. The opinion to which the decree refers states the grounds upon which the application was refused, to be, that the applicant was unfit to be intrusted with a license and sets forth the facts upon which that conclusion was based, in substance, as follows. The applicant had been the holder of a license during the preceding year and he and his barkeepers admitted at the hearing that there were several persons in the community whom they had observed, with some frequency, to be under the influence of liquor, that when they were so under the influence of liquor they were refused drink at the bar; that when such persons were not under the influence of liquor the appellant and his barkeepers sold liquors to them at the bar, a limit being imposed, in respect to some of them because of their weakness, of two drinks at a single visit; and that the appellant had been in the habit of selling, to at least two of such persons, liquor by the bottle. The court further states in the opinion that the persons above referred to, to

whom the appellant had sold liquors, were "men prone to become intoxicated, and the one or two drinks furnished them by the appellant are, to his certain knowledge, likely to be the foundation, the starting point of one of their not infrequent periods of intoxication." The fact upon which the court below based its decree was that the appellant had sold liquors to persons whom he knew to be of intemperate habits. We do not feel warranted in holding that the court below was clearly wrong in finding that a person who indulges in frequent periods of intoxication, is a person of intemperate habits. Selling intoxicating liquors, at any time, to "a person of known intemperate habits," is by the Act of May 13, 1887, P. L. 108, sec. 17, made unlawful and declared to be a misdemeanor. It does not seem necessary to further supplement the opinion of the learned judge of the court below, which will appear in the report of this case. The record discloses no abuse of the discretion with which the court below was invested.

The decree of the court below is affirmed and the appeal dismissed at cost of the appellant.